UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOFFREY LAGADIA,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY, warden,<br><br>    Respondent.<br>_____ / | No. C 06-6561 SI (pr)<br><br>**ORDER DENYING MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE** |

    Joffrey Lagadia, an inmate at the Correctional Training Facility in Soledad, filed a petition for writ of habeas corpus with regard to a decision to deny him parole. The court determined that the petition stated a claim for a due process violation based on the alleged insufficiency of the evidence to support the parole authority's decision, and ordered respondent to show cause why the writ should not issue.

    Respondent now moves to dismiss the petition, arguing that it is deficient in two respects. Respondent first contends that the petition failed to identify the particular parole decision Lagadia is challenging. Respondent is correct that the petition is deficient in this respect. However, petitioner has now provided that information in his opposition to the motion to dismiss: he is challenging the denial of parole at the March 24, 2005 parole hearing. The court will deem the opposition brief to be an amendment to the petition to identify the March 24, 2005 parole decision as the one being challenged. Thus, respondent now knows what parole hearing is being challenged and dismissal with leave to amend is not necessary to correct this deficiency.

1  Respondent contends also that the petition is deficient in failing to state any facts supporting the claim that there was not some evidence to support the denial of parole. This argument is not persuasive. It is unreasonable to make a petitioner plead all facts proven at trial or at a parole hearing and argue that they were insufficient to support the decision. An allegation that the evidence was insufficient to prove beyond a reasonable doubt an element of the crime is sufficient to warrant service of the petition. See Williams v. Kullman, 722 F.2d 1048, 1051 (2d Cir. 1983). Likewise, petitioner's allegation that the "board's unsuitability determination was unsupported by some evidence" is sufficient. See Petition, p. 5. A petition does not have to do a piece-by-piece rebuttal of all the evidence relied upon by the parole board to sufficiently plead an insufficient evidence claim. Lastly, any suggestion that the respondent doesn't know how to answer an insufficient evidence claim in a parole denial case is unconvincing in light of the dozens of cases in this district in which he has already done so.

For the foregoing reasons, respondent's motion to dismiss is DENIED. (Docket # 4.) In light of the denial of the motion to dismiss, the court now sets the following new briefing schedule:

1. Respondent must file and serve his answer no later than **May 25, 2007**.

2. Petitioner must file and serve his traverse no later than **June 29, 2007**.

IT IS SO ORDERED.

DATED: April 10, 2007

SUSAN ILLSTON
United States District Judge